**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 1:23-CR-61-HAB-SLC |
| | CASE NO. 1:25-CV-164-HAB |
| ALEJANDRO LAGUNAS PENALOZA | |

## OPINION AND ORDER

Defendant Alejandro Lagunas Penaloza ("Penaloza") is serving a 60-month prison sentence after pleading guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Penaloza did not appeal. He now moves to vacate his sentence under 28 U.S.C. § 2255. (ECF 69, 69-1, 69-2). The motion is fully briefed and ripe for ruling. (ECF 69, 69-1, 69-2, 72, 72-1, 76). For the reasons set forth below, the Court concludes that one issue presented in Penaloza's motion requires the appointment of counsel and the setting of an evidentiary hearing.

## BACKGROUND

On March 7, 2023, law enforcement conducted a controlled buy for a kilogram of cocaine at Glenbrook Mall in Fort Wayne. An informant coordinated this by putting an undercover DEA agent ("UC") in touch with a third party who coordinated delivery. Law enforcement observed Penaloza leave a residence at 2121 Brown Street in Fort Wayne, drive to Glenbrook Mall, give the UC around a kilogram of cocaine in exchange for $18,000 in buy money, and then return to 2121 Brown Street. Continued surveillance confirmed that Penaloza resided at that address for several months thereafter.

The government originally indicted Penaloza on four criminal counts in 2023. (ECF 1, 11). Penaloza had appointed counsel from the Federal Defenders for his first initial appearance on October 16, 2023. (ECF 6). But Penaloza retained attorney Thomas O'Malley ("Attorney O'Malley") as private counsel promptly thereafter, and O'Malley entered his appearance the next day. (ECF 7).

Attorney O'Malley filed six motions to continue as the case progressed. (ECF 20, 22, 35, 29, 31, 33). In each motion, Attorney O'Malley certified that Penaloza consented to the requests. (*Id.*). Less than one year after his indictment, Penaloza signed an agreement pleading guilty to Count 1 of his indictment. (ECF 35). Penaloza speaks Spanish, but the plea agreement included an acknowledgement that an interpreter assisted him in understanding the agreement. (*Id.*). A change of plea hearing was held before Magistrate Judge Susan Collins on August 20, 2024. (ECF 38). Magistrate Judge Collins issued a report and recommendation recommending that Penaloza's guilty plea be accepted. (ECF 40). Penaloza had fourteen days after that hearing to withdraw his guilty plea. (*Id.*). But he did not, and the Court accepted the recommendation to accept the plea of guilty. (ECF 41).

On November 26, 2024, the Court sentenced Penaloza to sixty months of imprisonment. (ECF 61). Penaloza now claims that after the sentencing hearing, he asked Attorney O'Malley to file an appeal. (ECF 69-2, at 19). He claims Attorney O'Malley told him that there was nothing to appeal. (*Id.*). Penaloza asserts he told Attorney O'Malley to appeal anyway, but no appeal was ever filed. (*Id.*). In response to Penaloza's motion, the government attached an affidavit from Attorney O'Malley. (ECF 72-1). In it, Attorney O'Malley confirms that he felt there was no appealable issue in this case. (*Id.*, at 2). He also says that he asked Penaloza's interpreter if

2

Penaloza had any questions following the sentencing. (*Id.*, at 3). The affidavit does not state what response was given, but implies he was not made aware that Penaloza had any questions. (*Id.*).

## <u>LEGAL STANDARD</u>

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To succeed on a motion under § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. *Id.* A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). Thus, a § 2255 motion cannot raise:

> (1) issues that were raised on direct appeal, absent a showing of changed circumstances;
> (2) nonconstitutional issues that could have been but were not raised on direct appeal; and
> (3) constitutional issues that were not raised on direct appeal.

*Id.*

A § 2255 movant can overcome procedural default in one of two ways: by showing "cause" for the default and "actual prejudice" from failing to raise errors on direct appeal, or by demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008).

## <u>DISCUSSION</u>

Penaloza's motion alleges several constitutional violations throughout law enforcement's investigation and the legal proceedings in this Court. Most pressingly, Penaloza asserts several

claims that Attorney O'Malley provided ineffective assistance of counsel. One of those is that Attorney O'Malley failed to file a notice of appeal on his behalf as he requested.

The Sixth Amendment guarantees criminal defendants not only the right to counsel, but "'to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) that any such deficiency was "prejudicial to the defense." 466 U.S. at 687–688, 692.

"When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010) (citing *Kafo v. United States,* 467 F.3d 1063, 1069 (7th Cir.2006)); *see also Garza v. Idaho,* 586 U.S. 232, 247 (2019) (holding that where "an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed" regardless of an appeal's potential merits). But to succeed on such a claim, a defendant must show that he actually requested his attorney file an appeal. *Gant*, 627 F.3d at 681; *see also Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994) ("'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

A district court is not required to provide a hearing for every petitioner who brings a § 2255 motion. But the Court *must* hold an evidentiary hearing on a § 2255 motion "when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo*, 467 F.3d at 1067 (quotation marks omitted); *see also* 28 U.S.C. § 2255(b). No hearing is required, however, "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (quotation marks omitted).

The government argues a hearing on this issue is unnecessary and that the briefs conclusively show the Court should deny Penaloza's motion. It asserts that Penaloza's allegations are not sufficiently "detailed and specific" and that even if they were, Penaloza would need to include the information in an affidavit and failed to do so. The Court disagrees.

Penaloza does not merely make a conclusory assertion. He recounts specific facts in his motion about the alleged exchange and subsequent events in his motion:

> [O]n the day I was sentenced I told defense counsel I wanted to file a Notice of Appeal with respect to a Direct Appeal. He told me I had nothing I could appeal but I insisted he do it anyway. He never did and I didn't learn about it until more than a month later since I was in 'transit' with no access to a phone or computer. Not only did defense counsel deprive me of a fair trial at the district level, he also deprived me of a Direct Appeal which was my **right.**

(ECF 69-2, at 19–20) (emphasis in original).

The government overreads *Kafo* to require Penaloza to provide more proof than what he did, such as the grounds he wished to appeal or more evidence than a self-serving assertion. *Kafo* does not require Penaloza to know the grounds for appeal. Nor does he need an affidavit. It is true that in *Kafo*, the petitioner's motion alone proved insufficient, and an affidavit was necessary.[1] 567 F.3d at 1067. But this is not an "affidavit requirement" per se. Rather, it is "nothing more than . . . enforcement of Rule 2 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*." *Id.* Indeed, Rule 2(b)(5) merely requires that "[t]he motion must . . . be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." *Rules Governing Section 2255 Proceedings for the United States District Courts*. Penaloza's motion here is signed under penalty of perjury, (ECF 69, at 12), making a separate affidavit unnecessary.

---

[1] Even so, the Seventh Circuit did not affirm the district court's dismissal. *Kafo*, 567 F.3d at 1070–71. It vacated the judgment and remanded the case to the district court with instructions to give the petitioner an opportunity to submit an affidavit. *Id.* at 1071.

5

Given the current record, the Court concludes that a hearing is necessary on the limited issue of determining the merits of Penaloza's assertion that Attorney O'Malley was ineffective by failing to file a notice of appeal on his behalf. Penaloza has alleged specific facts under penalty of perjury that he asked Attorney O'Malley to file an appeal on his behalf. If true, these facts would demonstrate counsel performed deficiently.

Of course, these facts are disputed in the record by the Government's evidence, including an affidavit from Attorney O'Malley. For this reason, an evidentiary hearing is required for the Court to assess the credibility of the various witnesses. Indeed, at the evidentiary hearing, the district court possesses broad discretion to evaluate the credibility of contradictory testimony, and such findings are entitled to "exceptional deference" on review. *Gant*, 627 F.3d at 681-82 (quoting *Tezak v. United States*, 256 F.3d 702, 715-716 (7th Cir. 2001)).

The Court also finds that, pursuant to 28 U.S.C. § 2255(g), counsel should be appointed to represent Penaloza at the hearing.

<u>**CONCLUSION**</u>

Accordingly, the Court:

(1) GRANTS an evidentiary hearing on the limited issue of whether Penaloza requested that Attorney O'Malley file an appeal;

(2) REFERS this matter to the Northern District of Indiana Federal Community Defenders, Inc., 2929 Carlson Drive, Suite 101, Hammond, Indiana 46323 (219-937-8020) for the appointment of counsel to represent the Defendant on the limited issue set forth herein; and

(3) DIRECTS the clerk to set this matter for further proceedings upon the appearance of counsel for Penaloza.

All other issues presented in the § 2255 petition (ECF 69) remain under advisement pending the evidentiary hearing and ruling on that matter.

**SO ORDERED** on July 21, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT